# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BAY AREA LEGAL AID,<br>    1735 Telegraph Avenue<br>    Oakland, CA 94612,<br><br>              Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br>    400 Maryland Avenue SW<br>    Washington, DC 20202,<br><br>              Defendant. | Civil Action No. 21-3 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff Bay Area Legal Aid (BayLegal) brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the Department of Education (ED) to produce information withheld from ED's response to a FOIA request concerning applications for false certification discharge of federal student loans submitted to ED pursuant to 20 U.S.C § 1087(c).

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C § 552(a)(4)(B). Venue is proper under 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3. Plaintiff BayLegal is a non-profit organization devoted to providing meaningful access to the civil justice system through free, quality legal assistance to low-income individuals in the San Francisco Bay Area regardless of a client's language or disability. BayLegal serves clients throughout seven Northern California counties, including the working poor, seniors,

veterans, and people with disabilities. BayLegal provides a range of services to federal student loan borrowers, including assistance and/or representation in connection with applications for false certification discharges, closed school discharges, borrower defense to repayment discharges, disability discharges, income-based repayment programs, and in managing default. Of particular relevance here, BayLegal assists many students who took out federal student loans to attend branches of Heald College, a part of the Corinthian College chain, which closed in 2015 after ED concluded it made misleading and false representations to students and issued the college a $30 million fine.

4. Defendant ED is an agency of the United States and has possession and control over the records BayLegal seeks.

## FACTS

*Regulatory Background*

5. Title IV of the Higher Education Act (HEA), 20 U.S.C. § 1070 *et seq.*, as amended, establishes the largest stream of federal postsecondary aid, distributing over $115 billion every year. *See* ED, *FY 2020 Agency Financial Report* (2020), https://www2.ed.gov/about/reports/annual/2020report/agency-financial-report.pdf. Title IV established both the Federal Direct Loan Program, which lends money directly to eligible student borrowers, and the Federal Family Education Loan (FFEL) Program, under which private lenders issued federally backed student loans. As of July 1, 2010, no new loans may be made under the FFEL program. Students use Title IV loans to attend colleges, career training programs, and graduate schools authorized to participate in the program. ED requires that all schools that receive Title IV aid enter into a "Program Participation Agreement" with ED. *See* 20 U.S.C. § 1094; 34 C.F.R. § 668.14(a). When the school enters such an agreement, it agrees that it will "comply with all statutory provisions of

or applicable to Title IV of the HEA, all applicable regulatory provisions prescribed under that statutory authority," and applicable state laws when administering its program and dealing with students. *See* 34 C.F.R. § 668.14(b).

6. The HEA contains a number of provisions under which a borrower can obtain a discharge of his or her student loans, including based on representations or conduct of the higher education institution that the borrower attended.

7. The HEA instructs the Secretary of Education to discharge a borrower's liability on loans "if such student's eligibility to borrow under this part was falsely certified by the eligible institution or was falsely certified as a result of a crime of identity theft." 20 U.S.C. § 1087(c)(1). These discharges are known as false certification discharges and are available where a school falsely certifies that a student had the "ability to benefit" from a program where the student did not meet the applicable requirements, where a school "[s]igned the borrower's name without authorization by the borrower on the loan application or promissory note," or where a school certified a student's eligibility as a result of criminal identity theft committed against the student. 34 C.F.R. § 682.402(e)(1)(i).

***The False Certification Application Process***

8. To obtain a false certification discharge, student borrowers are generally required to submit a written request and a sworn statement. *See id*. § 682.402(e)(3).

9. In some circumstances, ED policy requires a student borrower seeking a false certification discharge to "provide persuasive evidence that would corroborate" their statements. ED, Dear Colleague Letter Gen–95–42 at 4 (1995). Such corroborating evidence may include "statements made by other students who attended the school that are both sufficiently detailed and

consistent with each other to appear reliable. Those statements can include statements made in other claims for discharge relief." *Id*. at 4.

10. Copies of "other claims for discharge relief" are not generally publicly available outside the FOIA process. In assisting student borrowers file false certification discharges, BayLegal and other student-borrower advocates therefore submit FOIA requests for copies of applications submitted by borrowers who attended the same schools as their borrower clients. These documents serve as corroborating evidence in their client-borrowers' discharge applications, particularly with respect to applications submitted by students who enrolled in the same program as their clients, around the same period of time.

***BayLegal's FOIA Request***

11. On October 22, 2019, BayLegal submitted a FOIA request to ED for, among other records, "records of applications for false certification discharge pursuant to 20 U.S.C. § 1087(c) filed by any individual whose eligibility to borrow a federal student loan was certified by Heald College Milpitas and the results of those applications." BayLegal requested that ED redact names, addresses, and social security numbers of applicants, loan recipients, students, or other persons.

12. ED acknowledged the request and assigned it No. 20–00181-F.

13. By letter dated March 13, 2020, ED partially denied BayLegal's request. ED produced ED's form letters responding to students about the outcome of those applications. ED withheld in full, however, all applications and supplemental documentation submitted by any Heald student. ED's response stated that "even if the [application] documents were released with redactions to the name, address and social security numbers, personal information contained within the application and supplemental documentation could reveal the identity of the applicant."

14. On June 10, 2020, BayLegal timely appealed ED's partial denial, arguing that ED misapplied FOIA exemption 6 because the information sought implicated only a de minimis privacy interest. The appeal noted that ED's letter "provided[d] no evidence or explanation to supports its conclusion that, even applying redactions to the name, address, and social security numbers to the documents requested … the documents could 'reveal the identity of the applicant.'" Moreover, even if the withheld information did implicate substantial privacy interests, the appeal explained, "the public interest in disclosure outweighs any individual privacy concerns." Plaintiff's appeal explained that the redacted information would serve the public interest by shedding light on ED's performance of its statutory duties under the HEA, including its discharge of borrowers' federal student loan liability if their school falsely certified their ability to borrow, and by providing borrowers with information that can support efforts to vindicate their statutory rights.

15. On August 31, 2020, ED granted the appeal in part and denied it in part. ED agreed that, to the extent that the applications requested "contain the school's name, location/campus and the boilerplate language on the forms … the Department erred in withholding the information." However, ED affirmed its decision to withhold "the date(s) that the applicants attended a particular school, as well as the program in which applicants were enrolled," again stating, without explanation, that this information "could reveal applicants' identities to those who are familiar with the applicants"—notwithstanding that BayLegal's request stated that it did not seek the names, addresses, phone numbers, and social security numbers of individual applicants and that a large number of students were enrolled in a given school at any time. For example, Heald had enrolled between 1,225 and 1,738 students at its Milpitas campus, also known as Heald College San Jose, each fall during its last six years of operation. *See Digest of Education Statistics*, Nat'l Ctr. for Educ. Stats., https://nces.ed.gov/programs/digest/ (information available in Table 312.40).

## CAUSE OF ACTION

16.     Plaintiff has exhausted all administrative remedies with respect to its October 22, 2019 request to ED for false certification applications by students who attended Heald College Milpitas.

17.     Plaintiff has a statutory right to the information it seeks—the dates that applicants for false certification discharges attended a particular school and the program in which those applicants were enrolled—and ED has no legal basis for its failure to disclose it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

(1)     Declare that ED's withholding of the dates of attendance and program attended in the requested records is unlawful;

(2)     Order ED to release the requested information to Plaintiff;

(3)     Award Plaintiff its costs and reasonable attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4)     Grant such other and further relief as this Court may deem just and proper.

Dated:  January 4, 2021

Respectfully submitted,

/s/ Adam R. Pulver
Adam R. Pulver (D.C. Bar No. 1020475)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
202-588-1000
apulver@citizen.org

*Counsel for Plaintiff*